SUPERIOR COURT
of the
STATE OF DELAWARE

Jeffrey J Clark
Judge

Kent County Courthouse
38 The Green
Dover, DE 19901
Telephone (302)739-5333

October 5, 2015

Mr. Leo R. Maddox
P. O. Box 106
Lyndhurst, VA 22952

Mr. Patrick J. Collins, Esq.
716 North Tatnall Street, Suite 300
Wilmington, DE 19803

**Re: *Leo R. Maddox v. Patrick J. Collins*, K15C-07-006 JJC**

Dear Mr. Maddox and Mr. Collins:

The Court has reviewed and considered the Defendant's Motion to Dismiss Plaintiff's claims with prejudice based on the applicable statute of limitations. The Court also reviewed Plaintiff's Motion to Stay. The Court confirmed at the motion hearing that Plaintiff's filing was intended to be a response in opposition to Defendant's Motion to Dismiss. As expressed to the parties in Court, taking into consideration the law, the pleadings, and the circumstances of this case, the Court grants Defendant's Rule 12(b)(6) Motion to Dismiss with prejudice. This letter more fully sets forth the Court's reasoning for its decision.

Legal malpractice and fraudulent actions are governed by Delaware's statute of limitations found in 10 *Del. C.* § 8106.[1] The statute of limitations in Delaware for such claims is three years and "begins to run when a plaintiff's claim accrues, which occurs at the moment of the wrongful act and not when the effects of the act are felt.

---

[1] 10 *Del. C.* § 8106; *David B. Lilly Co. v. Fisher*, 800 F. Supp. 1203, 1206 (D. Del. 1992)

In cases alleging fraud, the cause of action accrues when the fraud is successfully perpetrated."[2] Fraud cases may include an exception to the general rule of accrual if the nature of the fraud is discovered at a later date.

In this case, Plaintiff claims that on February 11, 2011, the Defendant in this action fraudulently induced him to accept a plea deal. The claims in the instant civil suit mirror both (1) Plaintiff's motion and subsequent Supreme Court appeal seeking withdraw of his guilty plea, and (2) Plaintiff's subsequent Rule 61 ineffective assistance of counsel claim which was also litigated through the Supreme Court. Plaintiff was unsuccessful in both matters in the criminal context.

On March 4, 2011, Plaintiff raised identical ineffective assistance of counsel issues while seeking to withdraw his guilty plea. After the Superior Court denied that motion, Plaintiff appealed the matter to the Supreme Court, attempting to advance the same claims against his former attorney as he does today.[3]

Here, the Plaintiff filed this suit more than four years after he first raised the identical allegations against his attorney. Accordingly, there is no latent discovery of an alleged fraud that would somehow extend or toll the statute of limitations. Because all facts that plaintiff is alleging in this case were known to him more than three years prior to the filing of this action, the statute of limitations period has expired and this action must be dismissed with prejudice.

The matter is also not cognizable because Plaintiff sought review of these identical issues in his motion to withdraw his guilty plea in 2011, which was denied

---

[2] *Van Lake v. Sorin CRM USA, Inc.*, 2013 WL 1087583, at \*6 (Del. Super. Feb. 15, 2013).

[3] *See Maddox v. State*, 2012 WL 385600, at \*2(Del. Super. Dec. 15, 2011)(where the Supreme Court examined the same allegations and found no merit to an ineffective assistance of counsel claim.)

by the Court.[4]  Germane to this issue is the Delaware Supreme Court's holding in *Rose v. Modica* which provided that

> [t]he standards for proving ineffective assistance of counsel in a criminal proceeding are equivalent to proving legal malpractice in a civil proceeding.  If there is no claim against counsel in a criminal case, there is also no civil claim against counsel for legal malpractice.[5]

In *Rose,* the Supreme Court held that when a Defendant litigates an ineffective assistance of counsel claim in the criminal context and does not prevail, a Defendant is collaterally estopped from raising the same issues again in a civil suit.[6]  Dismissal of any such claims is warranted on that basis.[7]  Here, the Plaintiff fully litigated the identical issues four years ago.  Plaintiff is barred from once again litigating the issue of whether his counsel's representation was inadequate.

It is the order of this Court that this case, being time-barred by the statute of limitations, and also having been previously litigated in a criminal proceeding, is dismissed with prejudice.

**IT IS SO ORDERED.**

/s/Jeffrey J Clark
Judge

---

[4] *Maddox*, 2012 WL 385600, at *1.

[5] *Rose v. Modico*, 808 A.2d 1205, at *1 (Del. 2002).

[6] *Id.*

[7] *Id.*